October 5, 2015

Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas 78711

Re: Filing of Response to Finding of Facts
    Conclusion of Law Writ No: WR-83-373-01

Dear Clerk of Court

Please find enclosed my pleadings for review with the filings sent from the hearing court. I was just now seved with the white card from your court dated 9/28/15. Please make sure this pleading is filed and review with the other filings. Thank you for your help in this matter.

*Owen Willis* #1752314

Respectfully yours

Owen P. Willis # 1752314

Applicant pro se
Ellis Unit, 1697 FM 980
Huntsville, Tx 77343

c/c file

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 12 2015
Abel Acosta, Clerk

83,373-01

IN THE 89th JUDICIAL DISTRICT COURT

WICHITA COUNTY, TEXAS

AND

IN THE COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | |
|---|---|
| EX PARTE ) | WRIT CAUSE NO: WR-83-373-01 |
| ) | |
| OWEN PASCAL WILLIS # 1752314 ) | TRIAL COURT NO:51582-C*1-2 |

## APPLICANTS OBJECTIONS AND RESPONSE TO HEARING COURTS FINDING OF FACTS AND

## CONCLUSION OF LAW

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

NOW COMES APPLICANT, OWEN PASCAL WILLIS # 1752314,pro se petitioner in the above numbered cause, making his complaint/objections and response to the Hearing Courts findings. Applicant will explain as follows.

I

Specific objection number one :

States response to Motion for D.N.A. and the attached Affidavit by Attorney Kyle Lessor District Attorney. This submission by District Attorney is both troubling and contradicting. 1) In this submission DA Lessor admits he is aware that applicant IS NOT THE SHOOTER.Quote," The State CONCEDES that DNA testing of the shells and cell phone will not likely have defendants DNA on it and that, if any exist, it will BELONG TO THE SHOOTER,Anthony Green." Applicant makes specific complaint in his habeas concerning the indictments and the fruadulemt content contained within them specifically " Intentionally ,knowingly,or recklessly cause bodily injury to Cristopher Bell,by shooting

the victim, and the defendant did then and there use or exhibit a deadly weapon, to wit; a firearm." Applicant Objects to Hearing Courts FAILURE to make a finding to the fraudulent nature of the indictments as it relates to the admission of the District Attorney. The other side of this is the law is clear and concise on this issue. See Burkhalter V State supra Williams V State 513 S.W.2d at 54,56, Duggar V State 778 S.W.2d at 465, Crim Law,706(2), Prosecutor has a constitutional duty to correct known false evidence U.S.C.A. 5,14th,C.C.P. art 2.01 Crim Law 1171.8(1) Brady V United States,397 U.S.742 , 748,90 S.Ct.1463,1469, miscarriage of justice.

The Applicant WAS NOT CHARGED with the law of parties as excused away by the hearing court. Quote: " Given the facts revealed by Ms. Bella's Affid-avit, Applicant would have LIKELY BEEN found guilty of aggravated assault under the law of parties. See Tex.Penal Code.§§ 7.01 & 7.02." The problem is the applicant WAS NOT charged with law of parties and it WAS NOT contained within the charging instrument the"indictment." Hearing Court failed in its duty to investigate or hold District Attorney culpable for his Prosecutional misconduct reporting false information to the Grandjury that affected the outcome of that proceeding. See C.C.P. art 2.01 fraudulent indictments. Applicant Objects to this and request this Court to remand for further inquiry.

## Specific objection number two:

States Attonrey made a affidavit concerning the skills and qualifications of applicants defense attorney Ms. Bella,that does not exactly meet the cri-teria of a detatched and professional opinion of an individuals performance rating styled report. This affdavit is filled with passion and some what verbally descriptive narratives of Ms. Bella's skills and efforts. The content of this affidavit brings more questions about the relationship between pro-

(2)

secutor and Ms. Bella as complained about in applicants writ of habeas. Quote, " Ms. Bella, as an adversary she is one of the most thorough and tireless defense attorneys around." " To suggest Ms. Bella, somehow influenced her client to accept a plea bargain or failed to investigate a potential defense is perposterous." It is rare for a District Attorney to take it upon themselves to advocate and defend a defense attorney or their personal characters. Its more to the point the DA is trying to protect their legal position and the defense attorney is left to their own designs. This brings more questions than it answers and applicant objects to the personal nature of the content and narratives contained within this affidavit about Ms. Bella's tireless character and efforts by District Attorney Lessor.

### Specific objection number three;

Hearing Court failed to address the ten year plea bargin offered to applicant plainly stating that the Court of Appeals did not task it with that specific request, and stating "If one even existed." this is pure negligence by hearing court to fulfill its legal and ethical obligations as explained in art 11:07 proceedings. The Court of Appeals plainly stated that hearing court could investigate anything it felt pertained to the complaints contained in applicants habeas. Two issues which are the crux of applicants complaint of constitutional denial,1) The indictments and 2) the failure of applicants counsel to secure the ten year pleabargin signed by the ADA Mitchell. It is ludicrous for hearing court to state "if one even existed." It shows hearing court did not even read applicants complaint as exhibit "A" clearly shows a signed and agreed to ten year pleabargin offered by ADA Mitchell. The affidavit of Ms. Bella also tells of such offer and affidavit of DA Lessor also speaks of a ten year pleaoffer,BUT the hearing court failed to ask real ques-

(3)

tions as it pertained to "WHY" this offer agreed to and signed by "BOTH" parties was not pursued by defense counsel Ms. Bella through a Motion For Specific Performance which is well known and practiced law. Ex parte Simms," When a defendant successfully challenges a conviction obtained through a negotiated plea of guilty, the appropriate remedy is specific performance of the plea aggreement. Stone Co. V Carminat, 317,S.W. 2d at 78 " Contract implied in fact rest upon consent and consent is essense of transaction." Both parties agreed to and signed this contract for ten years.Ex parte Williams,637 S.W. 2d at 943,103 S.Ct. at 2458, " when a defendant agrees to terms of a plea-bargin agreement he is deemed to have entered into the agreement knowingly and voluntarily." Applicant admits he entered into the ten year plea-agreement but was coerced by District Attorney and applicants Trial Counsel for the 23 year deal.

Hearing Court failed in its duty to investigate or ask questions as they pertained to this ten year plea-agreement from either the DA or Ms. Bella. Applicant filed an Objection with hearing court on this matter but was ignored only stating "if one even existed ." One did exist and applicant request Court of Appeals make specific ORDER with instructions for hearing court to fully investigate this matter and ask questions as to why Ms. Bella failed to push this issue or to inform the court that DA Mitchell failed to uphold an earlier plea agreement of ten years. Until this is done and this plea bargin agreement of ten years is put into effect applicants due process rights have been violated. Brady V United States,397 U.S.742,74890 S.Ct.1463,1469, Hearing Court states no harm has occurred in violation of Strickland V Washington. Nothing can be further from the truth and established law. The Supreme Court has held that one more day in confinement than agreed to is considered a harm. Applicant agreed to ten years and received 23,harm exist,applicant objects.

(4)

## II

## CONCLUSION OF LAW

1) The facts contained within Ms. Bella's affidavit are conflicting at best. Applicant WAS NOT charged with law of parties as WAS NOT Misty Gains or Willie Alexander. It is ingenious for Ms. Bella to use this excuse to cover up her ineffectiveness as counsel and then hearing court to aid her ineffective performance with a "LIKELY BEEN FOUND GUILTY OF AGGRAVATED ASSAULT UNDER THE LAW OF PARTIES." The fact is applicant WAS NOT charged as such and the facts are as listed the hearing court ignored within Ms. Bella's affidavit.

A) There were two good witnesses at the scene that night that gave clear and convincing testimony that applicant was not the shooter and applicant was not in the apartment until after the shooting,Ms.Torres and her son.

B) There was testimony witness statements that applicant looked scared as did the others and statements that applicant begged the shooter to leave.

C) There was statements stating that the shooter Anthony Green threatened all that was in the car with him that if they DID NOT go with him he would shoot them.

D) Misty Gains WAS NOT a reliable witness against applicant and there was evidence she perjured herself as the detectives notes and statements of that night contradict what Ms. Bella,states in her affidavit.
Exhibit "C" writ application
1) Misty Gains took them to that apartment,page 2 bottom "G"
2) Gains statement admitted to stealing a pocket full of money,page 6 "G"
3) Gains admitted she got $1,500 and ran out of apartment,page 6 "G"
4) Misty Gains ran outside but to the car not away from the scene
5) Misty Gains statements were part of a plea-agreement for a lessor sentence and had motive to manipulate her story and cannot be relied on.

E) There was more than enough evidence to create a plausable scenario of a defensive theory of duress within the available resources to Ms. Bella.

F) The statements by the man that Anthony Green threatened to shoot outside of the apartment while pointing a gun was evidence of Greens homocidal and dangerous intent that night along with other statements of his drug induced radical behaviors.

The problem with Ms. Bella's affidavit is its more of hindsite and of her ability to explain away her poor performance as counsel. The fact is Ms. Bella DID NOT have to prove anything but HAD TO create REASONABLE DOUBT and the law

(5)

is clear on reasonable doubt and that no reasonable jurist would covict if there was not clear and convincing evidence. Ms. Bella failed to pursue this as she had more than enough evidence to work with. See U.S. V Mathews, 178 F.3d at 295 (5th Circuit) " aggravated circumstances and prove a reasonable doubt or this violates due process rights,5th,6th,14th U.S.C.A." Kyle,115 S.Ct. 1555, " beyond a reasonable doubt" and Murray V Carrier,477 U.S. 478,496, 106 S.Ct. at 2639, "The Court expressed confidence " for the most part " victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard particularly given the availability of ineffective assistance of counsel claim. Success on the merits would give respondant all of the relief that he seeks,i.e., resentencing." Brady V United States, miscarriage of justice.

2) Ms. Bella's affidavit shows more content of applicants moral turpitude and stateing applicant stayed silent and less about her efforts,"ACTUAL" efforts to defend applicant. The truth is applicant DID WANT to go to trial as applicant did want to go to trial especially since he was innocent of the charges contained in the indictment and after Ms. Bella failed to secure the ten year plea agreement. Ms. Bella's performance did fall below the standard of reasonableness as she failed on two counts. 1) she failed to attack the indictments and secure applicants innocence as how did Misty Gains after admitting she took them to that apartment and then admitted she stole $ 1,500, from the shooting victim only receive 5 years ? and did not get indicted same as applicant ? 2) Ms. Bella failed to secure the ten year plea agreement after it was agreed to by ADA Mitchell and signed by both parties. Then later coerce applicant through threats of a life sentence sign for 23 years verses the original signed and agreed to ten year deal ? How is that effective or reasonable ? The law is clear on that issue. Ex parte Welch,981 S.W.2d at 183," Failure to know and use relevant law is not reasonable trial strategy ." Benjamin V State, 874 S.W.2d at 132, " State is bound to carry out its side of

(6)

plea bargin or plea is involuntary, even if state never had authority to ensure compliance with plea bargin." Even if ADA Mitchell did not have the authority to carry out the ten year plea deal he offered and signed, the State was obligated to carry it out by law and statute and Ms. Bella should have known this. Ms. Bella has tried to mask her failure to know the law and the application thereof by making statements about applicant lying to her or staying silent. That does not absolve her of her legal responsibility as being effective as counsel or protecting applicants Constitutional Rights to Due Process. See Brady V United States, Ex parte Duffy, 607 S.W.2d at 507,516, Ex parte Battle, 817 S.W.2d at 81,83, Ruffin V State, 3 S.W.3d at 140 , 143, " guarantee to effective assistance of counsel applies at the time a defendant enters a plea to the charging instrument." Ms. Bella failed on all accounts and the evidence supports this. Ms. Bella only had to prove reasonable doubt and she failed in her performance securing the Strickland V Washington standard of harm and a different outcome. Applicant was harmed with a ˹23 year sentence and the outcome would have been a ten year plea bargin satisfying the standards set by Stricklend V Washington, see exhibit "A" ten year plea.

3) The hearing court evades the facts with concern to Ms. Bella's failure to secure applicants ten year signed plea-bargin and actually states "IF ONE EXISTED ." The hearing court excuses it away with the allegation is not within the scope of the Court of Appeals order for this Court to conduct fact finding on this issue. How can it not be within the scope as the order plainly states that the hearing court to make a finding to any relevant issues that pertain to applicants complaint. The hearing court has rendered aid to Ms. Bella's failed performancs as trial counsel while representing applicant. The evidence is clear see exhibit "A" in writ application. Its ludicrous for hearing court to even state " IF ONE EXISTED" when it is part

(7)

of the exhibits attached to applicants writ. There is more than enough evidence to support applicants claims of duress. Hearing Court and Ms. Bella both bring a statement made by applicant " It does'nt have to be like that, I got your back." Applicant explains this statement was made to defuse Green and to placate him from being defensive and dangerously agressive. Green was a proven shooter and had his gun threatening all of them and he would kill them if they did not go along with him. The statements contained within the exhibits and the affidavit of Ms. Bella also speaks of this knowledge supporting applicants claims he was afraid for his life and later afraid of what Green would do to his family if released, thus his silence and mis-dirrection with his attorney Ms. Bella.

The truth is Misty Gains perjured herself for a plea-deal by actually blamimg applicant for her own actions. Gains did not run away as explained but went through the victims pockets and removed $ 1,500 and then ran out of the apartment straight to the car where she waited until they all left. Hearing Court failed to hold Ms. Bella accountable for her failure to investigate and to use well known law while representing applicant and the evidence contained in applicants writ of habeas supports that as fact and thats what Court of Appeals requested was facts not excuses and plausable scenarios made by well thought out written narratives based on hindsite.

### PRAYER

Wherefore, premises considered, Applicant prays this Honorable Court consider this response and either Grant Applicant a reversal and resentencing or Grant Applicant his original ten year plea-bargin. If not then Applicant prays this Honorable Court remand this cause back for rehearing on these issues contained within this pleading and Grant all relief applicant is entitled to.

(8)

( continued from prayer )

Respectfully submitted

_Owen Willis #1752314_

Owen Pascal Willis # 1752314
Applicant Pro se
Ellis Unit, 1697 FM 980
Huntsville, Tx 77343

## DECLARATION

I OWEN PASCAL WILLIS # 1752314, declare under penalty of perjury, pursuant to CPRC § 132.001, that I have read and subscribe to the above and I swear that The information contained therein is true and correct to the best of my know-ledge.

Executed on  10-5-15   at the Ellis Unit, Hintsville, Texas

_Owen Willis #1752314_

Owen Pascal Willis # 1752314
Pro se applicant
Ellis Unit, 1697 FM 980
Huntsville, Tx 77343

(9)